79 A.3d 405

**Jeffrey Scott SANCHEZ**

v.

**STATE of Maryland.**

No. 1367, 2714, Sept. Term, 2012.

Court of Special Appeals of Maryland.

Nov. 6, 2013.

Brian L. Zavin (Paul B. DeWolfe, Public Defender, on the brief) Baltimore, MD, for appellant.

Cathleen C. Brockmeyer (Douglas F. Gansler, Atty. Gen., on the brief) Baltimore, MD, for appellee.

Panel: WRIGHT, KEHOE, PAUL E. ALPERT (Retired, Specially Assigned), JJ.

ALPERT, J.

In 2002, Jeffrey Scott Sanchez, appellant, was convicted of fourth degree sex offense in the Circuit Court for Frederick County. Although he was not required to register as a sex offender at the time of his conviction, in 2010 the Maryland General Assembly amended the sex offender registry statute to require registration, retroactively, for those who had been convicted of a fourth degree sex offense. In 2012 and then in 2013, appellant was convicted on an agreed statement of facts in the Circuit Court for Frederick County of failing to register as a sex offender based on his 2002 conviction. *See* Md.Code Ann., Criminal Procedure ("C.P.") Art., § 11–721(a). He appeals his two failure to register convictions, arguing that they must be reversed because retroactive application of the sex offender registry statute violated his right to be free from *ex*

*post facto* laws under the Maryland Declaration of Rights. We agree and so shall reverse those convictions.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

On December 2002, appellant was convicted of a fourth degree sex offense in the Circuit Court for Frederick County and sentenced to a one-year term of imprisonment. *See* Md.Code Ann., Crim. Law (C.L.) Art., § 3–308(a)(1) (2002 Vol.) (providing that "[a] person may not engage in ... sexual contact with another without the consent of the other[.]") and C.L. § 3–308(b)(stating that a conviction for fourth degree sex offense is a misdemeanor subject to up to one year of imprisonment or a $1,000 fine or both). Although Maryland has had a sex offender registration statute since 1995, at the time of appellant's fourth degree sex offense conviction, registration for that crime was required only if the victim was less than 18 years of age, which the victim was not. *See C.P.*, § 11–701(h)(2) (2008 Repl.Vol.). Accordingly, at the time of his sex offense conviction, appellant was not required to register as a sex offender.

Eight years after appellant's conviction, in 2010, the Maryland General Assembly amended the sex offender registration requirements. *See* 2010 Md. Laws, Chaps. 174 and 175. Among other things, the amendments provided for retroactive sex offender registration for those convicted of fourth degree sex offense crimes, regardless of whether the victim was a minor. *See* C.P. §§ 11–701(*o* )(1) and 11–702.1 (2008 Rep. Vol., 2011 Supp.). The amendments designated sex offenders by tiers with Tier I as the least severe designation and Tier III as the most severe designation. *See* C.P. §§ 11–704 and 11–707. Appellant was categorized as a Tier I sex offender. *See* C.P. § 11–701(*o* )(1). Tier I offenders are required to register every six months with a local law enforcement unit for 15 years, with a few exceptions not relevant here. *See* C.P. § 11–707(a). A homeless Tier I sex offender, however, must register once a week with the local law enforcement unit where the person habitually lives. *See* § C.P. 11–705(d).

Shortly after enactment of the amendments, appellant was notified that he was now required to register as a sex offender.

On July 2, 2012, appellant was convicted on a not guilty agreed statement of facts in the Circuit Court for Frederick County of failing to register weekly (he was homeless) as a sex offender. On January 7, 2013, appellant was again convicted on a not guilty agreed statement of facts in the Circuit Court for Frederick County of failing to register weekly as a sex offender.[1] At both hearings, appellant's attorney argued that retroactive application of the Maryland sex offender registration requirements was prohibited by the Maryland Declaration of Rights prohibition against *ex post facto* laws. The circuit court disagreed in both instances. Appellant appealed his convictions, and we granted appellant's motion to consolidate his appeals.

## DISCUSSION

 Appellant argues on appeal that we must reverse his convictions for failing to register as a sex offender because retroactive application of Maryland's sex offender registry violates Maryland's *ex post facto* clause. Appellant argues that the recent Court of Appeals decision in *Doe v. Department of Public Safety and Correctional Services*, 430 Md. 535, 62 A.3d 123 (2013), is directly on point and mandates reversal of his convictions. The State argues that *Doe* is factually and legally distinguishable. Because *Doe* is central to both parties' arguments, we shall discuss it at length.

In *Doe*, the Petitioner pled guilty in 2006 to a single count of child sexual abuse based on his inappropriate contact with a 13–year–old student during the 1983–84 school year, when Petitioner was a junior high school teacher. The resulting plea agreement, which was accepted by the court, did not

---

1. For his 2012 failure to register conviction, appellant was sentenced to three years of imprisonment, all but six months suspended, and two years of supervised probation. For his 2013 failure to register conviction, appellant was sentenced to one year and a day imprisonment.

address registration as a sex offender. At the subsequent sentencing hearing, the court imposed a ten-year sentence, suspending all but four-and-one-half years, and three years probation upon his release from prison.

In 2009 and 2010, the Maryland General Assembly passed new amendments changing, among other things, the sex offender registration requirements. As a result, Petitioner was categorized as a Tier III sex offender and required to register every three months for life.[2] *See* C.P. § 11–707(a). In a separate civil proceeding Petitioner filed, in the Circuit Court for Anne Arundel County, a Complaint for Declaratory Judgment seeking a declaration that he not be required to register and that he be removed from the Maryland Sex Offender Registry. The circuit court denied his request and he appealed.

The Court of Appeals in a plurality opinion held that requiring Petitioner to register violated the prohibition against *ex post facto* laws contained in Article 17 of the Maryland Declaration of Rights.[3] *Doe*, 430 Md. at 537, 62 A.3d 123. Before reaching that holding, the Court had to first decide what approach to use in interpreting the *ex post facto* prohibition. The three-member plurality noted that while both the United States Supreme Court and Maryland had traditionally used the long-standing "disadvantage analysis" to interpret application of the *ex post facto* prohibition, the Supreme Court had recently rejected that approach and had adopted a more narrow "intent-effects test." *Doe*, 430 Md. at 551, 557, 62 A.3d 123. Electing to follow the principle of *stare decisis*, the plurality decided to continue interpreting Article 17 under the

---

**2.** The 2009 amendments required retroactive sex offender registration for certain child sex offenders. C.P. § 11–702.1(c); 2009 Md. Laws, Chap. 541.

**3.** Article 17 of the Maryland Declaration of Rights provides:

That retrospective Laws, punishing acts committed before the existence of such Laws, and by them only declared criminal are oppressive, unjust and incompatible with liberty; wherefore, no ex post facto Law ought to be made; nor any retrospective oath or restriction be imposed, or required.

disadvantage analysis, which offers broader protection than federal law. *Doe,* 430 Md. at 552, 62 A.3d 123.

█ In determining whether a law is unconstitutional under the disadvantage analysis, we look to two factors: whether the law applies to events that occurred before its enactment, and whether the application "disadvantages the offender." *Doe,* 430 Md. at 551–52, 62 A.3d 123. Applying the disadvantage analysis, the Court of Appeals concluded that the amendments to Maryland's sex offender registration statute had been retroactively applied to Petitioner, and that imposing registration requirements upon Petitioner changed the consequences of his crime to his disadvantage. *Doe,* 430 Md. at 559, 62 A.3d 123. The Court of Appeals reasoned that "requiring Petitioner to register has essentially the same effect on his life as placing him on probation" and that probation was "a form of a criminal sanction." *Id.* at 561, 62 A.3d 123 (citation omitted). The Court noted many negative consequences placed on Petitioner due to the amendments, specifically: Petitioner must report in person to law enforcement personnel every three months for life, give notice of his address and any changes of address, and notify law enforcement before being away from his home for more than seven days. *See* C.P. §§ 11–705, 11–706, 11–707. Additionally, the amendments require him to disclose to the State a significant amount of information, some of which was highly personal, including: his employment address; information about his conviction; his social security number; his e-mail address and computer log-in names; information about vehicles he often uses, including those not owned by him; his finger prints and palm prints; and identifying information, including a physical description and an updated digital image of himself. *See* C.P. §§ 11–706, 11–707. The three-member plurality concluded that dissemination of this type of information was "tantamount to the historical punishment of shaming." *Doe,* 430 Md. at 564, 62 A.3d 123.

Judge McDonald wrote a concurring opinion, in which Judge Adkins joined. Judge McDonald agreed with the plurality opinion that retroactive application of the amendments

violated the State's *ex post facto* prohibition. Judges McDonald and Adkins, however, reached that conclusion through application of the Supreme Court's "intent-effects test," which requires a determination of whether the state legislature intended the statute to be a civil, non-punitive regime, and, if so, whether the statute was nonetheless so "punitive either in purpose or effect as to negate [the] intention to deem it civil." *Doe*, 430 Md. at 556, 62 A.3d 123 (quoting *Smith v. Doe*, 538 U.S. 84, 92, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003)). The concurring opinion concluded that although the intent of the Maryland sex offender registration statute may have been to create a civil non-punitive regime, the effect of the 2009 and 2010 amendments was so punitive in effect as to negate any intention to deem it civil. *Doe*, 430 Md. at 578, 62 A.3d 123.

Judge Harrell also wrote a concurring opinion. He agreed in the result of the plurality opinion but for a different reason. Judge Harrell would have directed specific performance of Petitioner's guilty plea, which did not include a sex offender registration requirement. *Doe*, 430 Md. at 569, 62 A.3d 123. Judge Barbera wrote a dissenting opinion in which she would have adopted the Supreme Court's intent-effects test, but she concluded that the 2009 and 2010 amendments did not violate Maryland's *ex post facto* clause. *Doe*, 430 Md. at 578–79, 62 A.3d 123.

*Doe* is directly on point. Under its reasoning, we must reverse appellant's failure to register convictions. The State, however, makes several arguments in an attempt to distinguish *Doe*. First, the State argues that *Doe* is not applicable because in *Doe* the Petitioner sought relief from the registry requirements by filing a civil complaint for declaratory judgment while appellant here is seeking to have his criminal convictions for failure to register overturned. We see absolutely no reason why the procedural difference in these two cases forecloses application of *Doe's* holding to the case before us. Appellant acknowledges that he is only challenging his convictions for failure to register, and if we vacate his convictions "he will still technically be a registrant and will have to

pursue an additional action to have his name and information removed from the registry."

■ Second, the State argues that the circumstances prompting appellant's registration "are unknown," suggesting that appellant may have been ordered to register as a result of an "out of state conviction" and that a civil action is necessary to fully explore the circumstances of his requirement to register and the *ex post facto* issue. We agree with appellant that this argument is an attempt to introduce confusion where there is none.

Pursuant to the 2010 amendments and relevant to the facts before us, retroactive application of the sex offender registry occurs when a person "is convicted of any felony on or after October 1, 2010, and has a prior conviction for an offense for which registration as a sex offender is required under this subtitle[.]" C.P. § 11–702.1(a)(3). Because neither party contested that appellant was required to register under the amendments at either of the agreed statement of facts proceedings, the State has waived this argument. *See* Md. Rule 8–131(a) ("Ordinarily, the appellate court will not decide any other issue unless it plainly appears by the record to have been raised in or decided by the trial court[.]"). Even if we were to consider the State's argument, the nature of the underlying felony conviction that helped trigger the retroactivity provision for registering as a sex offender is not relevant to this appeal.[4]

---

4. To the extent that the State seems to suggest that there was an additional sex offense that caused appellant to register, the record belies such an argument. The State affirmatively agreed at both hearings that appellant was required to register because of his 2002 fourth degree sex offense conviction. (THE STATE: "Your Honor, . . . he had a 2002 conviction for fourth degree sex offense which was the basis for the requiring of the registration.") and (THE STATE: "[T]he Defendant seated before you, [appellant], is a Tier One registrant for having been convicted of fourth degree sexual offense."). Moreover, from what we can piece together from what was said at the hearings and both the State's and appellant's brief, appellant's registration was ordered following a felony violation of probation conviction in Virginia for prescription fraud.

Third and lastly, the State argues that even if appellant is not required to register pursuant to Maryland law, he may still have to register under the Federal Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. 16901 *et seq.* This argument is also irrelevant as appellant is only challenging his state convictions under Maryland's prohibition against *ex post facto* laws.

In sum, for the reasons set forth above we shall reverse appellant's 2012 and 2013 convictions for failing to register as a sex offender.

**JUDGMENTS REVERSED.**

**COSTS TO BE PAID BY FREDERICK COUNTY.**